## ASSIGNMENT OF JUDGMENT

STATE OF TEXAS         §
                       §
COUNTY OF HARRIS       §

WHEREAS Woodlake Forest II Homeowners Association, Inc., (hereinafter the "Grantee") is the Texas nonprofit corporation governing Woodlake, an addition in Harris County, Texas, according to the map or plat thereof, recorded in the Map Records of Harris County, Texas, under Clerk's File No. D230428 (hereinafter the "Subdivision"); and,

WHEREAS Carlos Guedez and Lucia Guedez (hereinafter the "Grantors") received an Agreed Final Judgment and Permanent Injunction (hereinafter the "Judgment") against Mark Austin Rosetta a/k/a Omar Rashad (hereinafter the "Defendant") in Cause No. 2017-67354, *Woodlake Forest II Homeowners Association, Inc., v. Martin Austin Rosetta a/k/a Omar Rashad*, in the 189th Judicial District Court for Harris County, Texas (hereinafter the "Lawsuit"); and,

WHEREAS the Judgment granted relief including, but not necessarily limited to, obligating the Defendant to cure violations of the restrictive covenants imposed on Defendant's real property by the Declaration for Woodlake Forest II (A Residential Subdivision), recorded in the Real Property Records of Harris County, Texas (hereinafter the "Declaration") and reimburse attorney's fees and costs; and,

WHEREAS more specifically, the Judgment imposed a permanent injunction on the Defendant, requiring that the Defendant immediately take certain specific steps to remediate the conditions on Defendant's real property; and,

WHEREAS the Defendant has failed to abide by the Judgment; and,

WHEREAS the Defendant's failure to honor Defendant's obligations under the Judgment caused, and is continuing to cause, ongoing damage to both the Grantors and the Grantee; and,

WHEREAS conditions on Defendant's real property that violate the Judgment's terms also violate the restrictive covenants imposed on Defendant's real property by the Declaration; and,

WHEREAS the Grantee is obligated under the Declaration to enforce the Declaration; and,

WHEREAS enforcing the Judgment, and causing Defendant to abide by same, will benefit the Grantors and the Grantee.

NOW THEREFORE, pursuant to the foregoing and as evidenced by the signatures affixed hereto, the Grantors and Grantee (together, the "Parties") together promise, warrant, covenant, represent, and agree, as follows:

1. Grantors hereby grant, convey, and assign, to Grantee, all rights to, benefit from, and authority to enforce, the Judgment entered against the Defendant and in favor of the Grantor in the Lawsuit.

2. In consideration of this Assignment of Judgment (hereinafter the "Assignment"), Grantee hereby promises, warrants, and covenants, to bring an action to hold the Defendant in contempt of the Judgment within three (3) months of the date of this Assignment.

    a. In the event Grantee fails to bring an action to hold the Defendant in contempt of the Judgment within three (3) months of the date of this Assignment, this Assignment of Judgment shall be considered null and void, and shall be of no force and effect, and any and all rights assigned from Grantors to Grantee by same shall fully revert to and be restored to Grantors.

3. The Parties understand, warrant, and agree, that the primary purpose of this Assignment is to compel the Defendant to repair, remediate, and restore, the real property that is the subject of the Judgment as required by the Judgment. However, in the event Grantee recovers attorneys' fees, costs (including court costs), penalties, fines, and/or other monies, from the Defendant, through and/or in the course of enforcing the Judgment, any and all such monies shall be distributed and divided among Grantors and Grantee, as follows:

    a. First, to the Grantee's attorneys' fees and costs incurred in enforcing the Judgment, subsequent to the date of this Assignment of Judgment;

    b. Next, to any attorneys' fees and costs Grantor incurred in the Lawsuit through the date of the Judgment, and not yet collected/recovered by Grantor from the Defendant;

    c. Then, to any attorneys' fees and costs Grantor incurred subsequent to the date of the Judgment, related to the Judgment, and not yet collected/recovered by Grantor from the Defendant.

The Parties understand and agree that Grantee does not guarantee, does not promise, and does not warrant, in any form or fashion, any particular outcome, of and/or from any action Grantee may take to enforce the Judgment. The Parties understand and agree that this Assignment of Judgment does not anticipate and is not based upon the expectation of any particular outcome from any action Grantee may take to enforce the Judgment. The Parties understand and agree that any action Grantee may take to enforce the Judgment may not be successful, may not result in the recovery of any money, and may not result in Defendant being required to, compelled to, motivated to, or caused to, take any action whatsoever. However, Grantee agrees to act in good faith and take all reasonable steps to enforce the Judgment, recover attorney's fees and costs for the Parties to this Agreement to the extent such recovery does not interfere with the primary purpose of this Assignment (i.e., compelling the Defendant to repair, remediate, and restore, the real property that is the subject of the Judgment as required by the Judgment), assist Grantor in connection with maintaining the foundation and party wall

by communicating with third party vendors such as Atlas (if such is necessary), and ensure Defendant's compliance with the Declaration.

4. Grantee promises, warrants, and agrees, that Grantee shall not enter into any settlement with the Defendant, as to the Judgment, without the Grantors' written authorization, which Grantors shall not unreasonably withhold. It shall not be considered reasonable for Grantors to withhold authorization as to any settlement intended and reasonably calculated to achieve the primary purpose of this Assignment (i.e., compelling the Defendant to repair, remediate, and restore, the real property that is the subject of the Judgment as required by the Judgment). Grantors understand and agree, that Grantors cannot reasonably withhold authorization for Grantee to enter into a settlement with Defendant merely because such settlement does not provide for Defendant to pay attorneys' fees and costs and/or other monies.

5. Nothing in this Assignment shall be read, understood, or interpreted, to impose on Grantee any obligation or duty to recover monies (including, but not limited to, attorneys' fees and costs) for Grantors and/or from Defendant. If an agreement is reached with the defendant to enforce the judgement, it shall not in any way limit the right of the Grantor to collect from the Defendant all the legal fees and costs incurred in the Lawsuit, nor the right to sue for cumulative damages such as exposure to mold spores emanating from the Defendants' property.

6. As part of the consideration for the action set out, the Parties have expressly warranted and represented to each other and do hereby for themselves, their legal representatives, successors, and assigns, expressly warrant and represent to all other Parties that: (1) they are legally competent to execute this Assignment of Judgment; and (2) they have not previously assigned, pledged, or otherwise in any manner whatsoever, sold or transferred, either by instrument in writing or otherwise, any right, title, interest in or to the Judgment and that they will not during the terms of this Agreement. Each signatory warrants and represents that they are duly authorized to execute this Assignment of Judgment.

7. The Parties warrant, represent, and agree, that they enter into this Assignment of Judgment based solely on the terms outlined herein, and further warrant, represent, and agree, there are no other terms, representations, understandings, promises, or guarantees, whether written or oral, between them. The Parties expressly warrant, agree, and represent, that this Assignment of Judgment represents and contains the entire understanding of the Parties, and that no promises or covenants which are not herein expressed have been made to them in executing this Assignment of Judgment, and that they are not relying upon any statement, inducement, or representation, of any party or any representative of any party in entering this Assignment of Judgment, except as expressly outlined herein.

8. This Assignment of Judgment and any dispute arising from or related to same shall be governed by the laws of the State of Texas. The Parties agree that any lawsuit related to or arising from this Assignment of Judgment shall be filed in the District Courts for Harris County, Texas.

**IN WITNESS WHEREOF**, the Parties hereto have executed this Assignment of Judgment by their proper officers or duly authorized agents.

1. **Woodlake Forest II Homeowners Association, Inc.:**

   Name (Print): _____  Date: _____

   Title: _____

2. **Carlos Guedez:**

   Signature: *Carlos Guedez*  Date: 4/17/2023

3. **Lucia Guedez:**

   Signature: *Lucia Guedez*  Date: 4/17/2023

IN WITNESS WHEREOF, the Parties hereto have executed this Assignment of Judgment by their proper officers or duly authorized agents.

1. Woodlake Forest II Homeowners Association, Inc.:

   _[signature]_  Date: 4-26-2023

   Name (Print): KARLA SORENSEN    Title: PRESIDENT

2. Carlos Guedez:

   Signature: _____  Date: _____

3. Lucia Guedez:

   Signature: _____  Date: _____