United States Bankruptcy Court
Southern District of Texas
**ENTERED**
March 18, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-30092 |
| MARK AUSTIN ROSETTA, | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| | § | CHAPTER 7 |

### ORDER DENYING MOTION TO DISMISS

This matter is before the Court on the Motion to Dismiss Bankruptcy (ECF No. 27) filed by Woodlake Forest II Homeowners Association, Inc. The movant failed to self-calendar this matter for hearing as required by this Court's procedures.[1] Further, the Court also notes that the motion does not contain the notice required by Bankruptcy Local Rule 9013-1(b), stating the response deadline.[2] Finally, the Certificate of Service included with the motion is insufficient under Bankruptcy Local Rule 9013-1(d).[3] As such, the motion is procedurally deficient.[4]

**THEREFORE, IT IS ORDERED** that the Motion to Dismiss Bankruptcy (ECF No. 27) is denied.

SIGNED 03/18/2024

_____
Jeffrey Norman
United States Bankruptcy Judge

---

[1] The Court Procedures can be found at the following website: http://www.txs.uscourts.gov/page/united-states-bankruptcy-judge-jeffrey-p-norman.

[2] The Bankruptcy Local Rules can be found at https://www.txs.uscourts.gov/page/bankruptcy-local-rules.

[3] "In addition to service required by the FED. R. BANKR. P., and except as noted in (e), the movant must serve the entities with pleadings requesting an order, notices, and hearing settings: Main case: Party against whom relief is sought and its counsel, if known; Debtors; Debtors' counsel; Trustee, if one has been appointed; Examiner, if one has been appointed; Committees, if any have been appointed; Parties who have filed a notice of appearance; Twenty largest unsecured creditors; Parties claiming an interest in any property that is affected by the motion; Parties claiming a lien on any property that is affected by the motion; United States trustee; Parties on whom the court has ordered notice."

[4] The court stresses the importance of the required 9013-1(b) language; first, the language requires and gives notice that a response is required; second, that in the absence of a response the relief requested may be granted without further notice to you. Giving notice of a hearing without the required language does not give adequate notice to parties of a required response in opposition and that in the absence of such a response a hearing may not be held, and the unopposed relief granted.