# IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| ROSETTA, | § | CASE NO. |
| MARK AUSTIN | § | 24-30092 |
| Debtor | § | |

## DEBTOR'S OPPOSITION TO WOODLAKE FOREST II HOMEOWNERS ASSOCIATION, INC.'S MOTION TO DISMISS [#30]

Creditor Woodlake Forest II HOA, by way of counsel David Berk, has already filed 500 pages of motions, the size of a ream of paper, before the 341 meeting has even concluded.

### A) Non-service of updated motion

Creditor-Moving party's latest Motion to Dismiss, ECF #30, would be their 3rd attempt at following the FRBP & BLR. While moving counsel has corrected what's needed to have it filed, the part afterwards: what to serve to whom, how, and when...as well as how to certify such, is insufficient, in the process, violating due process.

### B) 11 USC 707(b)(6) controls

Creditor's Motion seeks dismissal pursuant 707(b)(1).
In the case at hand, creditors are barred from bringing such motions by the language of adjacent provision 707(b)(6).
This is *dispositive*, as a matter of law.

707(b)(6) was added not as an accidental technicality. Congress debated, and concluded a safe harbor was needed for debtors to be protected from better capitalized and overzealous creditors, who could afford to file motions that would otherwise intimidate and bury cash strapped debtors.

C) Debts are primarily non-consumer

Thanks to moving party's thorough analysis of the nature and distribution of claims, it has become clear that the debts in this case are *not* primarily consumer debts. The debtor's schedules will be amended to correct this oversight.
Consequently, 707(b)(1) is again, inapplicable

D) Debtor and family has had a series of unfortunate events.  Hurricane Harvey, two broken arms, hospitalized for pneumonia, uncountable number of ER visits, long term unemployed, two flooded cars.

E) Debtor when seeking government assistance for repairs, Debtor was directed not to do further repairs out of pocket.
First the City of Houston Homeowner Assistance Program, funded by a federal block grant, debtor was told by program administrators it had strict rules about not repairing out of pocket while in the application process or will be disqualified from consideration. This program was taken over by Texas General Land Office. Their criteria similarly dictated that repairs should not be performed since it's a build anew program.  Debtor was waiting patiently for these results which was only announced on April 26, 2023 as ineligible.

F) Debtor is still waiting for resolution of suit in Court of Federal Claims against the Army Corps of Engineers to fund repairs. That case has recently come back from appeal and is getting prepared for trial.

G) Creditor ignored and violated automatic stay
Moving party's position's case law is from state courts however Bankruptcy Courts interpretations are the ultimate decider of what constitutes a violation. The language of the resulting void order, is clear it interferes with the administration of estate property, and created new and shifted priority of debts the automatic stay was intended to freeze.

H) Creditor is taking shifting opposite position. In the state court, creditor argued the bankruptcy stay doesn't apply to enforcement actions. Now they're arguing for dismissal despite if it's not stayed, there's no need for a dismissal.

I) No resolution is available in state court.
Creditor/moving party ignored the automatic stay and proceeded to request entry of an order that's impossible for debtor to fulfill.

The schedules make transparent, there is no liquidity to make needed repairs, outside of a miracle government grant.
A receivership would face the same problem, the receiver would have no way to raise the needed funds.
The alternative option, a sale, still can not be accomplished either even with state court approval due to the clouds to title.

J) Compared to under the bankruptcy code
Liquidity could be restored via priming liens, DIP financing, or liquidation of other assets
A sale could be accomplished via section 363, free and clear of liens
Bankruptcy partial liquidation is by far the fastest and cheapest route to resolution.

The position of Movant/Creditor is an indicator that they're not interested in the resolution they claim. Their interest is solely in racking up more fines. Debtor and other creditors, need the protection of an organized reorganization or liquidation for the benefit of all involved.

K) Debtor applied for relief under chapter 7 liquidation. The bankruptcy estate in this case is unusual because (depending on the panel trustee choices) a partial liquidation should be sufficient to pay valid and scheduled creditor claims at 100%. This rarity departs from virtually all Chapter 7 abuse case law, and should be distinguished.

L) Certificate of Service is inaccurate, nonsensical, so likely defective.
Service should be via first class mail postage prepaid.
Service is untimely and not correctable now

Debtor, having to view document #30 in the clerk's office, with limited time, and unable to afford a printed copy, the Certificate of Service attached, claims a document that was created, electronically file stamped, and electronically filed on March 19th 2024, was somehow mailed on March 18th 2024.

The lack of specificity is not clear what the Certificate of Service is claiming happened or didn't happen. A literal reading seems to say David Berk mailed 9000 pages over the span of 3 days.

These mistakes are not mere technicalities. Response dates are calculated from service dates. Service does not occur when a wrong document is sent to a party whose rights are affected. The FRCP, BRCP, and BLR, are codified together to remove uncertainty.

During the 341 meeting, debtor already testified under oath with Attorneys for Moving party present, what was and what was not received. Moving party creditor was made aware of the mistakes. New litigator professed and warrantied, the corrected motion was actually instead mailed on March 21 [2024?], but regardless because they're mostly the same, debtor could instead just be told verbally when to show up for the hearing and use the out of date already denied motion.

He's suggesting using a document that does not show a docket number, does not show a file date, does not include any language required by 9013, says there is no hearing date, no hearing time, no hearing location, does not have certificate of service for other parties, and have different proposed Orders attached.

### Averments
1 to End. Lacking Sufficient Knowledge or Information. Responding party, debtor, lacks knowledge or information sufficient to form a belief about the truth of the averments due to non-service of a conforming copy of motion or purported service of an altered copy of motion.

### Conclusion
HOA creditor has demonstrated they will continue a litigation strategy of intimidation, without regard to due process. At this point possibly in violation of 9011.
Debtor wants legitimate debts paid and wants to be left alone afterward.

WHEREFORE, the debtor requests that the Motion of Woodlake Forest II HOA to Dismiss Case Under Section 707(b)(1) be denied.

Respectfully submitted,

*Mark Rosetta, Debtor*
*9374 Briar Forest Dr, Houston TX 77063  646-403-434*

### Certificate of Service

This is to certify that I have on April 12, 2024, served a true, accurate and correct copy of **"DEBTOR'S OPPOSITION TO WOODLAKE FOREST II HOMEOWNERS ASSOCIATION, INC.'S MOTION TO DISMISS"** by depositing a copy, First-Class postage prepaid, addressed to the following:

```
1 Carlos and Lucia Guedez, 9372 Briar Forest Dr, Houston TX 77063-1036
2 City of Houston, 1400 Lubbock St, Houston TX 77002-1526
3 Harkor Homes LLC, 1020 W Loop N Fwy #280, Houston TX 77055
4 Harris County Tax Collector, PO Box 4663, Houston TX 77210-4663
5 Memorial Hermann Healthcare System, 929 Gessner Dr #2600, Houston TX 77024-2593
6 Best Buy/CENA, PO Box 6497, Sioux Falls ND, 57117
7 CA FTB, Bankruptcy Section, MS: A-340, PO Box 2952, Sacramento CA, 95812
8 Cirro Energy, PO Box 2229, Houston TX, 77252
9 JP Morgan Chase, PO Box 15369, Wilmington DE, 19850
10 Mercantile Adjustment Bureau, 165 Lawrence Bell Drive #100, Williamsville NY 14221
11 Synchrony Bank/Walmart, PO Box 7174 6, Philadelphia PA 19176-1746

Not mailed because signed up for ECF notices:
1 Allison D Byman
2 David Berk on behalf of Creditor WOODLAKE FOREST II HOMEOWNERS ASSOCIATION INC
3 US Trustee
```

Respectfully submitted,

*Mark Rosetta, Debtor*
*9374 Briar Forest Dr, Houston TX 77063, 646-403-4343*

## Declaration

If called upon I could competently testify that

1. I received in the mail, a large envelope addressed from "Holt Tollet" addressed to

   9374 Briar Forest Dr, Houston TX 77063

2. Postage was attached and shows it was purchased on March 18, 2024
3. The interior contents were not file stamped
4. The document was entitled "MOTION TO DISMISS BANKRUPTCY"
5. The Certificate of Service included said it was served "this 15th day of March, 2024."
6. While likely most similar to ECF #27, the page count does NOT match between the documents.
7. Contemporaneously, ECF #28 Order of Denial of Motion to Dismiss arrived via US mail.
8. During the 341 meeting of April 4th, 2024, Debtor under oath, appraised Associate Counsel Thomas Lee Bartlett for creditor HOA that the only motion received thus far purports to be the one that was already denied.
9. Associate Counsel warrantied that there would be no differences between the documents aside from the date of hearing was added
10. This is doubtful, as when I view the pacer index, it shows the page counts are different
11. Associate Counsel professed latest motion was mailed March 21, contrary to every filed Certificates of Service
12. Associate Counsel then tried to convey the hearing details verbally which was impossible to write down accurately given the connection quality
13. I check the mail at my townhome regularly
14. As of April 10, 2024. No other Motions have arrived from "Holt Tollet"
15. Ordering from Pacer and then printing would be cost prohibitive. Debtor also no longer has a credit card to sign up to Pacer.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 4/12/2024 ___/s/ MaRBR_____

Mark Rosetta

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE<br><br>ROSETTA,<br><br>MARK AUSTIN<br><br>Debtor | §<br><br>§<br><br>§<br><br>§ | CASE NO.<br><br>24-30092 |

## ORDER ON WOODLAKE FOREST II HOMEOWNERS ASSOCIATION, INC.'S MOTION TO DISMISS [#30]

AND NOW, this ___ day of ___, 20___, it is hereby Ordered that Woodlake's Forest II's Motion to Dismiss Under Section 707(b)(1) is denied with prejudice.

Dated: _____   BY THE COURT_____