# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § § § § | |
| MARK AUSTIN ROSETTA, | § § | CASE NO. 24-30092 |
| Debtor, | § § § | |

### WOODLAKE FOREST II HOMEOWNERS ASSOCIATION, INC.'S OBJECTION TO DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION

This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney. THERE WILL BE A HEARING ON THIS MOTION ON JUNE 5, 2024, AT 1:30 P.M., IN COURTROOM 403, AT THE FOLLOWING ADDRESS: 515 RUSK, HOUSTON, TEXAS 77002.

COMES NOW Woodlake Forest II Homeowners Association, Inc., and pursuant to Rule 4003(b) of the Federal Rules of Bankruptcy Procedure, files this Objection to Debtor's Claim of Homestead Exemption, and shows as follows:

### I.     PRELIMINARY STATEMENT:

1. Federal Rule of Bankruptcy Procedure 4003(b)(1) requires that objections to exemptions be filed "within 30 days after the meeting of creditors held under §341(a) is concluded." Fed. R. Bankr. P. 4003(b)(1). While the meeting of creditors in the instant case has been continued until May 2, 2024, out of an abundance of caution and to ensure compliance with the deadline imposed by Federal Rule of Bankruptcy Procedure 4003(b)(1), Woodlake Forest II Homeowners Association, Inc., files this Objection to Debtor's Claim of Homestead Exemption within thirty days of the date the meeting of creditors began. In so doing, Woodlake Forest II Homeowners Association, Inc., does not intend to waive, withdraw, pass, or otherwise prejudice its Motion to Dismiss (Docket Entry No. 30) currently set for hearing on May 15, 2024.

## II.   PARTIES AND PROPERTY SUBJECT TO THIS OBJECTION

2. Woodlake Forest II Homeowners Association, Inc., (hereinafter the "Movant") is the movant.

3. Mark Austin Rosetta (hereinafter "Rosetta") is the debtor in the instant bankruptcy and the respondent. Movant will serve Rosetta with this Objection To Debtor's Claim Of Homestead Exemption (hereinafter the "Objection") at two addresses:

   a. the address of the real property that is subject to this Objection (that being the address Rosetta lists on his bankruptcy petition and incomplete schedules); and,

   b. Rosetta's actual place of residence, 12976 Westheimer Road, Apartment 1410, Houston, Texas 77077.

4. The real property that is subject to this Objection is the real property located at 9374 Briar Forest Drive, Houston, Texas 77063 (hereinafter the "Property").

### III.   SUMMARY OF THE MOTION

5. Rosetta is not entitled to claim a homestead exemption because Rosetta has abandoned the Property with no intention to return.

### IV.   FACTS

6. Rosetta acknowledged during the March 21, 2024, Meeting of Creditors that he does not reside in the Property.

7. During the April 4, 2024 Meeting of the Creditors, Rosetta provided his true address (12976 Westheimer Road, Apartment 1410, Houston, Texas 77077), and acknowledged that he lived in another apartment – not the Property – prior to moving to his current address. Rosetta also acknowledged he has not resided in the Property in several years.

8. Rosetta further acknowledged that he does not pay for any of the Property's expenses. Rosetta claims all his life expenses and costs, including any applicable to

the Property, are paid by his mother. Rosetta does not pay for or contribute to the upkeep of the Property.

9. Additionally, Rosetta acknowledges he has taken no concrete steps to bring the Property into a habitable condition; in fact, he acknowledges he has taken no steps to repair the Property in years.

10. Finally, during both Meetings of Creditors, Rosetta acknowledged he intends to sell the Property, not return to the Property. He expressed his desire to dispose of the Property numerous times throughout these Meetings of Creditors. Rosetta states he either wishes to sell the Property himself, or that he wishes for the Bankruptcy Trustee to sell it for him. Rosetta consistently expressed a desire to divest himself from the Property. He clearly has no interest in returning to it.

## V.   AUTHORITY

11. In order to establish abandonment, there must be both the cessation or discontinuance of use of the property as a homestead, coupled with the intent to permanently abandon the homestead. *Condit v. McKeithan (In re McKeithan)*, 486 F. App'x 482, 484 (5th Cir. 2012) (quoting *Driver v. Conley*, 320 S.W.3d 516 (Tex. App.—Texarkana 2010, pet. denied).

12. Abandonment requires that one offer competent evidence that clearly, conclusively, and undeniably shows that the homestead claimant moved with the intention of not returning to the property. *Williams v. Farris (In re Williams), Nos*.

19-32784, 19-3683, 2021 Bankr. LEXIS 924, at *31 (Bankr. S.D. Tex. 2021) (quoting *Marincasiu v. Drilling*, 441 S.W.3d 551 (Tex. App.—El Paso 2014, pet. denied).

13. In the instant case, Rosetta acknowledges he does not make use of the Property as his homestead. Rosetta acknowledges he lives elsewhere, and that he has lived elsewhere for some time. Moreover, Rosetta has expressed he plans to sell the Property. Selling the Property, Rosetta has said, is his goal for the Property: his goal is not to return to it as his homestead. This is also evidenced by the fact Rosetta has taken no steps to bring the Property into a livable condition.

## VI.   HEARING

14. There will be a hearing on this Objection on June 5, 2024, at 1:30 p.m., in Courtroom 403, 515 Rusk, Houston, Texas 77002.

## VII.   CONCLUSION

15. Because Rosetta has moved from the Property, without intention to return to the Property, Rosetta has abandoned the homestead. This Court should grant Movant's Objection to Rosetta's designation of the Property as his homestead.

Respectfully Submitted,

HOLTTOLLETT, P.C.

*/s/ David Berk*

David Berk

Texas Bar No.: 24092127  
Southern District No.: 2792721  
Holt & Young, PC  
9821 Katy Freeway, Suite 350  
Houston, Texas 77024  
Phone: (713) 510-1000 Phone  
Fax: (713) 510 -1001 Fax  
Email: dberk@holttollett.com

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the foregoing was served on the following parties, pursuant to Local Rule 9013-1(d), by certified mail; and, by first class mail; and, by electronic service via the Court's ECF filing system (if registered), and this 19th day of April, 2024, on Debtor, on the Chapter 7 Trustee, on the twenty (20) largest unsecured creditors, and on those parties having an interest in the real property, those parties claiming a lien against real property, and the United States Trustee, as follows:

**Debtor:**

Mark Austin Rosetta, Debtor  
9374 Briar Forest Drive  
Houston, Texas 77063

Mark Austin Rosetta, Debtor  
12976 Westheimer Road, Apartment 1410  
Houston, Texas 77077

**Trustee:**

Allison D Byman, Chapter 7 Trustee  
Byman & Associates PLLC  
7924 Broadway  
Suite 104  
Pearland, Texas 77581

**Examiner:**

[NONE APPOINTED]

**Twenty (20) Largest Unsecured Creditors:**

CA Franchise Tax Board
Bankruptcy Section
P.O. Box 2952
Sacramento, California 95812

Carlos and Lucia Guedez
9372 Briar Forest Drive
Houston, Texas 77063

City of Houston & City of Houston Community College System
c/o LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
P.O. Box 3064
HOUSTON, Texas 77253-3064

Memorial Hermann Healthcare System
929 Gessner Drive, Suite 2600
Houston, Texas 77024

JP Morgan Chase
P.O. Box 15369
Wilmington, Delaware 19850

Synchrony Bank/Wal Mart
P.O. Box 71746
Philadelphia, Pennsylvania, 19176

Best Buy/CBNA
P.O. Box 6497
Souix Falls, North Dakota 57117

Cirro Energy
P.O. Box 2229
Houston, Texas 77252

Mercantile Adjustment Bureau
165 Lawrence Bell Drive, Suite 100

Williamsville, New York 14221

American Express National Bank
c/o Becket & Lee LLP
PO Box 3001
Malvern, PA 19355-0701

**Creditors With an Interest in Real Property:**

Harris County Tax Collector
P.O. Box 4663
Houston, Texas 77210

Carlos and Lucia Guedez
9372 Briar Forest Drive
Houston, Texas 77063

**Parties Claiming a Lien on the Subject Property:**

Carlos and Lucia Guedez
9372 Briar Forest Drive
Houston, Texas 77063

**United States Trustee:**

Office of the US Trustee
515 Rusk Avenue, Suite 3516
Houston, Texas 77002