IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE § §
 § §
MARK AUSTIN ROSETTA, § CASE NO. 24-30092
 § §
Debtor, § §

**WOODLAKE FOREST II HOMEOWNERS ASSOCIATION, INC.'S
REPLY TO DEBTOR'S RESPONSE TO MOTION TO DISMISS**

Woodlake Forest II Homeowners Association, Inc., (hereinafter the "Movant") replies to Debtor Mark Austin Rosetta's Opposition to Motion to Dismiss (Docket Entry No. 39) (hereinafter the "Response") to Movant's Motion to Dismiss Bankruptcy (Docket Entry No. 30), as follows:

### I.   MOVANT'S GENERAL REPLY

**A. Debtor has unclean hands and is not an "honest but unfortunate debtor."**

1. Mark Austin Rosetta[1] (hereinafter the "Rosetta") comes to this Court of equity with unclean hands. Those who seek equity must do equity.

2. The Bankruptcy Code limits the opportunity for relief to the "honest but unfortunate debtor." Grogan v. Garner, 498 U.S. 279, 280 (1991). Debtor is not an

---

[1] Debtor admitted in Creditors' Meeting that the name "Mark Austin Rosetta" is an alias; the name on Debtor's driver's license and birth certificate is Omar Ibrahim Rashad.

1 of 15 | Reply to Response to Motion to Dismiss

honest but unfortunate debtor and Rosetta should not be allowed to indefinitely perpetuate a nuisance.

3. Rosetta asks this Court to indefinitely perpetuate the nuisance Rosetta has allowed to exist while he waits for a "miracle" which may never come. (Debtor's Response *at* p. 3.) Rosetta comes to this Court with unclean hands after he willfully refused to secure the Property "to ensure no further mold, water, or animal intrusion will occur at the [Property]" as Rosetta agreed and was ordered to do through the July 12, 2019 Agreed Final Judgment and Permanent Injunction (hereinafter the "Agreed Judgment"). This Court should not allow Rosetta to perpetuate a nuisance that materially and adversely affects his neighbors' use and enjoyment of their homes. Instead, this Court will serve equity by dismissing Rosetta's bankruptcy so the criminal contempt proceedings against Rosetta can be concluded in state court.

4. Like the debtor in <u>In Re Krueger</u>, 812 F. 3d.365 (5th Cir. 2016), Rosetta is improperly attempting to use the bankruptcy process as both a *shield* from legitimate state court action for criminal contempt for his willful violation of the Agreed Judgment, and as a *sword* to perpetuate a nuisance (i.e., keep the Property in which he has not lived for six (6) years in its uninhabitable and dangerous condition).

**B. Rosetta is a dishonest debtor with non-economic motives.**

5. In his Response, Rosetta does not deny that he filed two (2) bankruptcies, including the instant bankruptcy, for the non-economic purpose of delaying state

court cases against him. Like the debtor in <u>In Re Hesed Enterprises, LLC</u>, 2017 Bankr. LEXIS 3322, * 17 (N.D. Tex. 2017), Rosetta files bankruptcy "for the simple purpose to delay the entry of a judgment" in state court cases. <u>In re Hesed Enters., LLC</u>, 2017 Bankr. LEXIS 3322, at *19.

6. Rosetta's true purpose in filing his 2018 bankruptcy – which he filed the day before trial in state court – was revealed when he failed to provide the bankruptcy court information and schedules (ultimately resulting in the dismissal of his 2018 bankruptcy) once his goal of forcing the state court trial to reset was achieved.

7. In the instant case, Rosetta filed bankruptcy the morning of the state court's scheduled hearing to determine whether Rosetta is in criminal contempt of the Agreed Judgment. Rosetta admitted in sworn testimony during the Creditors' Meeting that avoiding this criminal contempt hearing was the driving force in his filing the instant bankruptcy. This is akin to the debtor in <u>In Re Krueger</u>, who filed the Fifth Circuit concluded filed bankruptcy in large part to avoid criminal contempt proceedings. <u>In Re Krueger</u> 812 F. 3d. at 374.

8. Everything Rosetta has represented to this Court in his petitions, schedules, testimony, and Response is tainted by his deceit, fraudulent schemes, and

concealment in his schedules of his name[2], address[3], obligations[4] and most importantly, his motivations and goals in filing this bankruptcy case.

9. Rosetta did not attend the third attempt at concluding the Creditors' Meeting, and Rosetta has not offered explanation or excuse for his failure to attend. The fact the Creditors' Meeting has required two resets is entirely due to Rosetta's refusal to provide complete information and schedules prior to such meetings, and due to Rosetta's revealing critical facts (such as his real name and real address) during Creditors' Meetings which required resets to allow time for research and review.

**C. Rosetta's non-barred debt is overwhelming related to the uninhabitable Property.**

10. Rosetta's April 30, 2024 Amended Petition (Docket Entry No. 44) and related filings make clear Rosetta's debts are primarily for government taxes and lawsuit orders and judgments that are related to the Property. Rosetta's Amended Schedule D (Docket Entry No. 47) and Form 106Sum (Docket Entry No. 48) list total liabilities of $63,305.00. When time barred debts are excluded, it becomes clear that

---

[2] "Mark Austin Rosetta" is an alias; see n. 1, above.

[3] Rosetta claims in his Bankruptcy Petition and Amended Petition that he resides at 9374 Brian Forest Drive. However, during Creditors' Meeting, Rosetta acknowledged he has not resided at that address in at least six (6) years. Rosetta first claimed he could not remember his actual address, but he eventually provided the Bankruptcy Trustee his true address of 12976 Westheimer Road, Apartment 1410, Houston, Texas 77077. Rosetta states he has lived at this address approximately one (1) year. Rosetta (without notice or explanation) did not attend the third reset of the Creditor's Meeting.

[4] Rosetta's Response does not acknowledge or even address Rosetta is obligated by the Agreed Judgment to secure the Property from "further water, mold, or animal intrusion;" to repair the gutters and downspouts to protect the foundations from rainwater accumulation; to maintain the roof and windows; to place a tarp over holes in the roof.

Rosetta's financial problems are overwhelming related to the Property[5]. Rosetta's unsecured claims within the statute of limitations total less than two thousand dollars. Over ninety percent (90%) of Rosetta's non-barred debt is related to the Property. Moreover, over ninety percent of *that* particular debt (i.e., the non-barred debt related to the Property) is owed to Movant either directly or by assignment of the Agreed Judgment. It can be fairly stated that almost all the non-barred debt at issue in this bankruptcy is owed to one single creditor: the Movant.

11. Applying the factors the court outlined in In Re Little Creek, 779 F. 2d 1068 (5th Cir. 1986), it becomes clear that Rosetta's financial obligations are essentially a two-party dispute between Movant and Rosetta, which can be resolved in state court. In Re Little Creek, 779 F. 2d 1072-1073; In re McMahan, 481 B.R. 901, 915 (Bankr. S.D. Tex. 2012).

## II. MOVANT'S SPECIFIC REPLY

**A. Debtor's dishonesty is solely responsible for any service problems.**

12. Rosetta, like the debtor in In Re Krueger, misrepresents to the Court where he lives "to avoid being served […] with legal process." In Re Krueger 812 F. 3d. at 375. Rosetta has not lived in the Property his bankruptcy pleadings claim is his home for six (6) years because it is uninhabitable. Rosetta acknowledged this in testimony

---

[5] Rosetta's schedules include one (1) debt from 2008; one (1) debt from 2013; one (1) debt from 2015; two (2) debts from 2018; and, one (1) debt from 2019.

and in documents subsequently provided to the Bankruptcy Trustee. Rosetta intentionally hid his true address until forced to reveal it. Movant served its Amended Motion on Rosetta at Rosetta's true address, 12976 Westheimer Road, Apartment 1410, Houston, Texas 77077, and will serve this pleading on such true address as well.

### B. Movant's Motion to Dismiss is directed at 11 U.S. Code § 707(a).

13. Movant requests this Court dismiss Rosetta's bankruptcy "for cause," pursuant to 11 U.S. Code § 707(a). Movant's original Motion to Dismiss relies on 11 U.S. Code § 707(a) in its argument; the Motion is entirely focused on the reasons this Court has "good cause" to – and therefore should – dismiss the instant bankruptcy. Movant served Rosetta as required by 11 U.S. Code § 707(b). Movant clarified this in its Amended Motion.

### C. Rosetta's financial problems are the result of Rosetta's failure to perform as required by the Agreed Judgment.

14. Rosetta's financial problems overwhelmingly related to the uninhabitable Property and are therefore self-created by Rosetta's failure to perform his obligations.

15. In 2008, Jane Rashad (Rosetta's mother) conveyed the Property to Rosetta for no consideration shortly before judgment was rendered against her. According to his testimony and pleadings, Rosetta has not worked since 2010. During this period, Jane Rashad continued paying the expenses for the Property, and has been Rosetta's

sole means of financial support. From 2019 to date, Rosetta has willfully refused[6] to perform the work on the Property required by the Agreed Judgment and has demonstrated gross indifference to the consequences of his willful misconduct on others, including his neighbor Carlos Guedez and Mr. Guedez's family. He has concealed his address to avoid the consequences of this willful misconduct, including to avoid being held in criminal contempt. As addressed elsewhere, the bulk of his non-barred debts are *the direct result of Rosetta's failure to abide by the Agreed Judgment*. This failure resulted in the monies owed to the Guedez's and the monies owed to the Movant. As noted elsewhere, those debts make up the vast majority of Rosetta's collectable liabilities.

16. Based on the totality of the circumstances, Rosetta has "engaged in atypical conduct that falls short of the honest and forthright invocation of the [Bankruptcy] Code's protections." In re Krueger, 812 F.3d 371 (citing In re Piazza), 719 F.3d 1253, 1271 (11th Cir. 2013)).

### D. Rosetta's financial problems essentially involve a two-party dispute that cannot be resolved through bankruptcy.

17. Rosetta has only one asset with significant value: the Property, which he claims is worth $275,000.00 in its current uninhabitable condition. Rosetta lists three other assets: an interest in a California property he values at $90,000.00; an

---

[6] Because Rosetta made no effort to comply with the Agreed Judgment and apparently had no intent to comply with the Agreed Judgment, Rosetta fraudulently induced Movant and his neighbor into entering into the Agreed Judgment. The Agreed Judgment is therefore non-dischargeable under 11 U.S.C. 523(a)(2)(A).

AngelList fund he values at $23.650.00; and a lawsuit against the Army Corps of Engineers he values at $130,000.00. None of these assets will be available to pay Rosetta's creditors or to fund repair of the Property. These assets are speculative, remote, and fundamentally uncertain with respect to time and amount. Consequently, these other assets provide no reasonable justifiable basis to allow Rosetta to indefinitely perpetuate a nuisance.

    i.    **Flood Claim**

18. Rosetta's flood claim is inherently speculative, uncertain, and remote.

19. This claim has been in litigation for over four years. The trial court initially granted summary judgment against the plaintiffs. The Court of Appeals overturned this decision, and remanded the case to the trial court for further analysis; specifically, the Court of Appeals instructed the trial court to revisit the summary judgment and re-examine the second prong of the "takings" analysis. Milton v. United States, 36 F.4th 1154 (Fed. Cir. 2022). The trial court has still not ruled on the pending summary judgment motion. Moreover, the trial court has since determined it will not rule on the pending summary judgment motion until trial on several fact issues (including whether the dams at issue in the release were in imminent danger of failure) concludes. As of April 23, 2024, the court had not yet even set a trial date.

20. It is highly speculative whether Rosetta can recover on the flood claim at all; even if he can recover, it will certainly not be any time in the foreseeable future. Movant has no assurances Rosetta will use the award to repair the Property. Therefore, the dispute as to the Property's repair is ripe for resolution in state court.

### ii.    California Property.

21. Rosetta's California property is an asset that is speculative, uncertain, and remote.

22. Rosetta inherited his interest in this California property from his father in 2010. The California property is in probate litigation to determine title. Moreover, the California property is likely subject to a judgment lien from a California judgment against Rosetta's father in the amount of $350,000.00. Whether Rosetta has title to the California property is uncertain; whether he can recover money from such asset is equally uncertain.

23. Even if he is so able, the Movant has no guarantee Rosetta will use such funds to repair the Property.

### iii.    AngelList Funds.

24. Rosetta's AngelList Fund is an asset that is speculative, uncertain, and remote.

25. Rosetta acknowledged in the Creditors' Meeting that the funds invested in AngelList were not his monies at all, but monies from his sister and mother. It is therefore unclear whether this AngelList Fund even belongs to Rosetta in the first

place. Rosetta further testified these funds are "illiquid." As a consequence, even to the extent Rosetta does own these funds, these illiquid funds cannot be used to pay creditors and these assets cannot be liquidated to pay to repair the uninhabitable Property.

### iv. Other assets.

26. Excluding the three (3) above-referenced assets, Rosetta claims assets of $298,088.00. *The Property makes up $275,000.00 of this amount*. Rosetta's only viable option to pay creditors or fund repair of the Property is to sell the Property, which Rosetta has so far been unable or unwilling to do. While Rosetta has expressed during Creditors' Meetings his desire to liquidate the Property through this bankruptcy, he simultaneously claims the Property as his homestead, meaning that the Property will not be sold. (Movant's objection to that designation, Docket Entry No. 42, is pending.)

27. Therefore, there is no viable resolution of Rosetta's financial problems through this bankruptcy.

### E. Rosetta is the only homeowner in the community that has failed to repair or rebuild.

28. Rosetta is the only townhome owner in the Woodlake Forest II subdivision who failed to repair or rebuild their townhome after Hurricane Harvey. Woodlake Forest II subdivision is not in an area designated as a "buy out" because it had not previously flooded. Rosetta's claim that he cannot perform repairs due to the City of

Houston's homeowner assistance program is incredulous, and is belied by the fact that Rosetta *agreed to perform the repairs by entering into the Agreed Judgment* and by the fact that he solicited a charity organization to perform some limited interior work such as removing ruined drywall and carpet.

### F. The dispute as to Rosetta's obligations to Movant can be resolved in state court.

29. A resolution of Rosetta's obligations under the Agreed Judgment – obligations which concern the Property that is essentially Rosetta's sole asset – is available in state court.

30. Rosetta is obligated by the Agreed Judgment only: to "repair and gutters and downspouts […] or install news ones […] in order to ensure proper drainage of rainwater away from the foundation" and to "ensure no further water, mold, or animal intrusion." These can be accomplished without the expenditure of significant financial resources; indeed, as referenced in the Agreed Judgment, to some degree these repairs can be accomplished by setting down tarps.

31. The state court is well situated to determine if Rosetta is in criminal contempt of the Agreed Judgment. If he is in criminal contempt, then such a determination is exempt from the bankruptcy stay pursuant to 11 U.S.C. § 362(b)(1).

32. Moreover, the state court is well situated to adjudicate Rosetta's claim of a homestead exemption in a post-judgment proceeding. See Pace v. McEwen, 617 S.W.2d 816, 818 (Tex. App.—Houston [14th Dist.] 1981, no writ).

**G. Rosetta's delay to follow the Agreed Judgment has prejudiced Movant.**

33. After years of willfully refusing to perform his obligations under the Agreed Judgment, Rosetta makes the argument that Movant's "interest is solely in racking up more fines." However, Rosetta does not owe any fines for failing to repair the Property, and Movant is attempting to collect zero fines from Rosetta.

34. Indeed, far from being a moneymaking venture for Movant, this process has cost Movant significant sums in attorneys' fees and costs: sums Movant has been forced to expend solely to compel Rosetta to perform his obligations under the Agreed Final Judgment. Rosetta's failure to abide by the Agreed Judgment at all, let alone in a timely manner, has resulted in considerable expense to the Association.

### III.   CONCLUSION

35. This Court should grant Movant Woodlake Forest II Homeowners Association, Inc.'s Motion to Dismiss because Rosetta filed the instant bankruptcy in bad faith, for non-economic motives and for the sole purpose of delaying and hampering state court litigation. Rosetta should not be allowed to indefinitely perpetuate a nuisance while he waits for speculative "miracle" to bail him out from the consequences of his own willful disregard for his obligations.

### CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the foregoing was served on the following parties, pursuant to Local Rule 9013-1(d), by certified mail; and, by first class mail;

and, by electronic service via the Court's ECF filing system (if registered), and this 10th day of May, 2024, on Debtor, on the Chapter 7 Trustee, on the twenty (20) largest unsecured creditors, and on those parties having an interest in the real property, those parties claiming a lien against real property, and the United States Trustee, as follows:

**Debtor:**

Mark Austin Rosetta, Debtor
9374 Briar Forest Drive
Houston, Texas 77063

*and*

Mark Austin Rosetta, Debtor
12976 Westheimer Road
Apartment 1410
Houston, Texas 77077

**Trustee:**

Allison D Byman, Chapter 7 Trustee
Byman & Associates PLLC
7924 Broadway
Suite 104
Pearland, Texas 77581

**Examiner:**

[NONE APPOINTED]

**Twenty (20) Largest Unsecured Creditors:**

CA Franchise Tax Board
Bankruptcy Section
P.O. Box 2952
Sacramento, California 95812

Carlos and Lucia Guedez
9372 Briar Forest Drive

Houston, Texas 77063

City of Houston
1400 Lubbock Street
Houston, Texas 77002

Memorial Hermann Healthcare System
929 Gessner Drive, Suite 2600
Houston, Texas 77024

JP Morgan Chase
P.O. Box 15369
Wilmington, Delaware 19850

Synchrony Bank/Wal Mart
P.O. Box 71746
Philadelphia, Pennsylvania, 19176

Best Buy/CBNA
P.O. Box 6497
Souix Falls, North Dakota 57117

Cirro Energy
P.O. Box 2229
Houston, Texas 77252

Mercantile Adjustment Bureau
165 Lawrence Bell Drive, Suite 100
Williamsville, New York 14221

**Creditors With an Interest in Real Property:**

Harris County Tax Collector
P.O. Box 4663
Houston, Texas 77210

Carlos and Lucia Guedez
9372 Briar Forest Drive
Houston, Texas 77063

**Parties Claiming a Lien on the Subject Property:**

Carlos and Lucia Guedez
9372 Briar Forest Drive
Houston, Texas 77063

**United States Trustee:**

Office of the US Trustee
515 Rusk Avenue, Suite 3516
Houston, Texas 77002