IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 24-30092 |
| MARK AUSTIN ROSETTA, | § | |
| | § | |
| | § | Chapter 7 |
| DEBTOR. | § | |

## FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM AUGUST 26, 2024, THROUGH JUNE 9, 2025 BY ACCOUNTANTS FOR THE TRUSTEE

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

<u>**A HEARING ON THIS FEE APPLICATION WILL BE HELD ON AUGUST 5, 2025 AT 1:30 P.M. VIA AUDIO AND VIDEO PARTICIPATION. FOR AUDIO PLEASE CALL 832-917-1510 AND ENTER CONFERENCE CODE 174086. VIDEO PARTICIPATION IS THROUGH GO TO MEETING AS FOLLOWS: HTTPS//WWW.GOTOMEET.ME/JUDGENORMAN OR GOTOMEETING.COM CONFERENCE ID 595-121-317.**</u>

TO THE HONORABLE JEFFREY P. NORMAN UNITED STATES BANKRUPTCY JUDGE:

COMES NOW David E. Bott on behalf of the firm of KenWood & Associates, P.C. ("KWA"), accountants for Allison D. Byman, the Trustee, and files this First and Final Application for Compensation and Reimbursement of Expenses for the period from August 26, 2024, through June 9, 2025 (the "Application"). The total amounts for which the Court's approval is sought are compensation of $2,811.00 in professional fees and $59.26 in

reimbursement of expenses for the period covered by this Application, totaling $2,870.26. In support of said application, Applicant would show the Court the following:

1. An application seeking approval of the Trustee's retention of KWA was filed with this Court on August 29, 2024, and an Order approving same was entered on September 24, 2024, at docket number 89, a copy of which is attached hereto as **Exhibit "A"**.

2. Applicant has performed accounting services for the Trustee, rendered pursuant to the Court's authorization and the Trustee's request.

3. This is KWA's first and final application for compensation.

4. Applicant has performed certain duties requested by the Trustee in connection with various matters related to the Estate which are summarized in Section 7A of this Application and detailed on Exhibit "B" attached hereto.

5. Applicant has made the required disclosures provided by law and has no agreement or understanding with any other person with respect to sharing the compensation to be allowed Applicant for services rendered in this proceeding.

6. Applicant now seeks approval of its professional fees in the amount of $2,811.00 and expenses in the amount of $59.26 for the period covered by this application.

Attached as Exhibit "B" is a detailed statement of the services performed by Applicant. Included in Exhibit "B" is a statement reflecting the hours spent on the case by professional and the hourly rate of each participating CPA, professional staff, and assistant. Exhibit "B" also includes details of expenses advanced during the representation totaling $59.26. Applicant's professional fees for the period covered by this Application total $2,811.00.

7. The basis upon which Applicant seeks compensation are as follows:

   A. <u>Time and Labor Expended</u>. The compensable time expended by Applicant in this case is restated from detailed time records on Exhibit "B" attached hereto. Exhibit "B" also contains a detailed accounting of expenses incurred. A summary of the above time by major activity follows:

   **Task 1. Case Administration (2.50 hours; $0.00).** General case administration includes matters not allocable to particular projects, but which nonetheless must be performed. During the period covered by the Application, Applicant attended as efficiently as possible to required matters which were not significant enough to warrant separate project-by-project timekeeping. Activities in this category include preparation of the Application to Employ Accountant (No Charge).

**Task 3. Federal Income Tax Returns (10.10 hours; $2,152.00).** The Applicant prepared the Initial & Final 2024 Form 1041 tax return from the estate activity reported on form 2 and review of the prior year tax return of the Debtor.

**Task 15. Fee Application (3.20 hours; $659.00).** Applicant prepared and reviewed the First and Final Fee Application.

B. <u>Novel and Difficult Problems and Issues.</u> The Applicant did not encounter any novel or difficult issues during this period.

C. <u>Skill Requisite to Properly Perform the Accounting Services.</u> It is firmly believed that Applicant, and the firm KenWood & Associates, P.C., through its employees, possess the requisite skills necessary to have properly provided the services to the Trustee to date. This is evidenced by the biographical information attached hereto as Exhibit "C" pertaining to David E. Bott, Amanda Hall, Michelle Woods, and Kaylee E. White, and work performed as summarized in paragraph B above.

D. <u>Preclusion of Other Employment</u>. Due to the number of hours involved, there was no significant preclusion of other employment.

E. <u>Customary Fee</u>. The fee requested is well within the range of customary fees charged for accounting services in this community taking into consideration the time and labor expended, the experience of Applicant in dealing with bankruptcy cases, and the results obtained.

F. <u>Whether the Fee is Fixed or Contingent</u>. As in all bankruptcy proceedings, fees for Applicant firm are subject to the discretion of the Court in determining value of services to the Estate, as well as subject to availability of funds in the Estate, and are, accordingly, in that sense contingent.

G. <u>Time Constraints</u>. There were no undue or unusual constraints imposed.

H. <u>Amount Involved and the Results Obtained</u>. Applicant is seeking $2,811.00 in connection with the tasks summarized in paragraph 7A above. Applicant has efficiently attended to the matters as described above.

I. <u>Experience, Reputation and Ability of Applicant</u>. The biographical information set forth in Exhibit "C" and attached hereto of David E. Bott, Amanda Hall, Michelle Woods, and Kaylee E. White, and provides information in support of the experience, reputation, and ability of the Applicant.

J. <u>The Undesirability of the Case</u>. The contingent manner of the fees connected with any bankruptcy Estate provides an undesirable quality when deciding to accept such work. There were no further undesirable aspects in representing the Trustee in this matter.

K.     <u>The Nature and Length of the Professional Relationship with the Client</u>. Applicant has represented the Trustee in several Chapter 7, 11 and Liquidating Trust cases during this time since she was appointed to the Chapter 7 panel and has developed a working relationship with her.

L.     <u>Awards in Similar Cases</u>. Applicant firmly believes that the amount sought herein is well within the range of awards in similar cases in this District, including cases in which this Applicant has previously been involved.

M.     <u>Economic Administration of the Estate</u>. In its representation of the Trustee, Applicant has sought to conserve the Estate and believes that the fees and expenses requested herein were reasonable and necessary in light of the circumstances at the time and the results achieved to date in this case.

N.     Applicant believes the compensation and reimbursement of expenses sought herein is reasonable and represents work that was necessary to the proper administration of the case.

O.     Applicant, in compliance with Rule 2016 of the Bankruptcy Code, hereby states that: (i) no compensation previously received has been shared with any other entity; and (ii) no agreement or understanding exists between the Applicant and any other entity for the sharing of compensation received or to be received for services rendered in connection with this case. Applicant did not receive any pre- or post-employment retainer in this matter and is holding no funds belonging to the Trustee or the Debtor.

P.     Applicant has submitted this Application to the Trustee for review prior to filing it, and she has no objection to it.

WHEREFORE, Applicant prays that this Court, after notice and hearing, enter an Order (i) authorizing full and final payment of compensation to Applicant for its professional fees of $2,811.00 and expenses of $59.26 incurred during this Application period; (ii) authorizing payment of compensation and expenses to Applicant in the amount of $2,870.26, such payment being a priority administrative expense under 11 U.S.C. § 507(a)(2); and (iii) granting such other and further relief to which Applicant may be entitled.

Respectfully submitted,

_____
David E. Bott
Certified Public Accountant
Certified Insolvency and Restructuring Advisor
KenWood & Associates, P.C.
14090 Southwest Freeway
Suite 200
Sugar Land, Texas 77478

# AFFIDAVIT

THE STATE OF TEXAS

COUNTY OF FORT BEND

    I, David E. Bott, being duly sworn do depose and say:

    THAT the facts contained in the above Application are true and correct to the best of my knowledge, information and belief.

    THAT in accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me or any other person for a division of compensation except that the same may be divided among members of the firm of which the undersigned is a member.

    THAT no agreement prohibited by Title 18 U.S.C. Section 155 has been made; that I have not entered into any agreement, expressed or implied, with any other party in interest, including the bankrupt, a creditor or any representative of any of them, or with any attorney for any such party in interest in this proceeding, for the purpose of dividing the fees or other compensation to be paid to any such party in interest or any attorney for such party in interest in the proceeding, for services rendered in connection therewith, from the assets of this case.

Executed this 23rd day of June, 2025.

KenWood & Associates, P.C.

_____
David E. Bott
Certified Public Accountant
Certified Insolvency and Restructuring Advisor

    SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority on this the 23rd day of June, 2025.

_____
NOTARY PUBLIC in and for
The State of Texas

BARBARA KIRKPATRICK
My Notary ID # 11121902
Expires January 14, 2029